**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY G. STAUFFER and** | : | |
| **LINDA S. STAUFFER** | : | |
| | : | |
| **v.** | : | **CIV. NO. 08-3459** |
| | : | |
| **D.R. HORTON, INC. – NEW JERSEY** | : | |

---

**Diamond, J.**                                                                **December 10, 2008**

### MEMORANDUM

Defendant D.R. Horton asks me to mark this breach of warranty action dismissed "with prejudice," and to impose sanctions on Plaintiffs.   I will deny Defendant's Motion.

**I.        Procedural History**

In June, 2008, Plaintiffs Gary G. Stauffer and Linda S. Stauffer brought this action in the Lancaster County Common Pleas Court, alleging that in 2006 they purchased a house that Defendant had newly constructed.  (Doc. No. 1, Ex. 1 at ¶ 3-4.)  Plaintiffs alleged that subsequent inspections revealed a number of construction defects for which Defendant is responsible.  (Doc. No. 1, Ex.1 at 6-10.)  Plaintiffs included claims for breach of contract, breach of the implied warranty of reasonable workmanship, breach of warranty, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  (CI-08-06339; Doc. No. 1, Ex. 1.)

In July 2008, Defendant removed to this Court, invoking diversity jurisdiction.  28 U.S.C. § 1332(a) (Doc. No. 1.)  Defendant then moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss with prejudice for failure to state a claim, or in the alternative, to compel arbitration.  Defendant argued that: (1) under the Parties' Warranty Agreement, it was not a proper defendant; (2) the

1

warranty process, as set forth in Parties' contract, requires arbitration; (3) Plaintiffs agreed to Defendant's disclaimer of limited warranties; and (4) Plaintiffs' UTPCPL claim was not plead with particularity and was otherwise not cognizable.  (Doc. No. 3.)

In August 2008 -- twenty-seven days after Defendant removed to this Court and almost two months after Plaintiffs first served Defendant with the Complaint -- Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), and the matter was dismissed without prejudice.  (Doc. No. 7.)

**II.      The Instant Motion**

Acting pursuant to Fed. R. Civ. P. 11 and the Parties' Warranty Agreement, Defendant now asks me to mark the dismissal of this action "with prejudice," and to impose on Plaintiffs $34,719.85 in litigation costs and attorneys' fees.  (Doc. No. 8 at 2-3.)  I will deny the Motion.

**III.     Legal Standards**

**A.      <u>Voluntary Dismissal Under Rule 41(a)(1)</u>**

A plaintiff may dismiss his or her action without permission of court "by filing...a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A).  A Rule 41(a)(1) dismissal is without prejudice unless the notice states otherwise or in other limited circumstances.  Fed. R. Civ. P. 41(a)(1)(B).  The Third Circuit has held that the filing of a Rule 12 motion to dismiss does not terminate a plaintiff's right voluntarily to dismiss his or her action without prejudice.  <u>See</u> <u>In re Bath and Kitchen Fixtures Antitrust Litigation</u>, 535 F.3d 161, 166 (3d Cir. 2008) ("Because a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice.").

Although a timely notice of voluntary dismissal under Rule 41(a)(1)(A) usually ends a case and deprives the court of jurisdiction to issue a merits ruling, the court may continue to decide "collateral" issues, including sanctions, costs, and attorneys' fees.  Id. at 166, n.8 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396-98 (1990)).

### B.   Federal Rule of Civil Procedure 11

Rule 11 authorizes the Court through the imposition of sanctions "to check abuses in the signing of pleadings."  Fed. R. Civ. P. 11 Advisory Committee Notes (1983 Amendments); see also Martin v. Brown, 63 F.3d 1282, 1264 (3d Cir. 1995).  "The purpose of Rule 11 is to deter litigation abuse that is the result of a particular 'pleading, written motion, or other paper' and, thus, streamline litigation."  In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 97 (3d Cir. 2008) (internal quotations omitted).

Under Rule 11(b), in submitting a pleading, contention, or denial, the lawyer or *pro se* party certifies that the submission is not frivolous, baseless, and has not been made for an "improper purpose."  Rule 11(c) allows a court to impose sanctions on an attorney or party for violating Rule 11(b), as long as the party seeking sanctions complies with the Rule's "safe harbor" provision:

> [a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).  Thus, before seeking sanctions under Rule 11, a party must give notice of the alleged offending conduct and allow the opposing party 21 days in which to withdraw or

otherwise correct the challenged submission.  Compliance with this "safe harbor" provision is mandatory.  See In re Schaefer Salt Recovery, Inc., 542 F.3d at 99.  "If the twenty-one day period is not provided, the motion must be denied."  Id.

### IV.     Discussion

Defendant first requests that I mark Plaintiffs' voluntary dismissal with prejudice.  (Doc. No 8 at 3.)  Plaintiffs have a right to dismiss their complaint without prejudice before a defendant files an answer or moves for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A).  Here, Plaintiffs filed a notice of voluntary dismissal without prejudice after Defendant moved to dismiss; Defendant never filed an answer or moved for summary judgment.  Accordingly, Plaintiffs had an absolute right voluntarily to dismiss their Complaint without prejudice.  Id.

Defendant nonetheless argues that I should mark the dismissal with prejudice because Plaintiffs violated Rule 11 when they failed to seek arbitration as required by the Parties' Warranty Agreement.  (Doc. No. 8 at 3.)  Defendant has not, however, made out a Rule 11 violation.

Defendant admits that it has failed to comply with Rule 11's safe harbor provision.  (See Doc. No. 8 at n.2.)  Defendant argues that I should excuse that failure because: (1) "plaintiff has already filed a Notice of Dismissal, so there is nothing left to withdraw"; and (2) "the Complaint was the offensive pleading and the damage was done with the filing of the frivolous pleading." (Id.)  Defendant's first argument is obviously incorrect: Defendant could have complied with the safe harbor provision by notifying Plaintiffs during the period after removal, before Plaintiffs voluntarily dismissed their Complaint.  I will not impose sanctions on Plaintiffs because they dismissed their action without receiving safe harbor notice.

4

In support of its second argument, Defendant argues that under <u>Cooter & Gell v. Hartmarx Corp.</u>, a Rule 11 violation is complete with the filing of the offending paper and is not affected by a plaintiff's voluntary dismissal.   496 U.S. 384, 395 (1990).  <u>Hartmarx</u> was decided before the 1993 Amendments, however, which added the safe harbor provision to Rule 11.  With these Amendments, sanctions are not available once a party has withdrawn the offending pleading either before or within 21 days after receiving a safe harbor notice.  <u>See</u> <u>Evans v. Chichester School Dist.</u>, 2008 WL 4610240, No. 07-0072, at *5 (E.D. Pa., Oct. 15, 2008) (denying Rule 11 motion where it was filed after the plaintiff voluntarily withdrew all claims); <u>Hockley by Hockley v. Shan Enterprises Ltd. Partnership</u>, 19 F. Supp. 2d 235 (D.N.J. 1998) (Rule 11 sanctions do not apply where party has voluntarily dismissed offending claims); Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment) ("The rule .... generally provid[es] protection against sanctions if [a party] withdraw[s] or correct[s] [a] contention[] after a potential violation is called to [its] attention.").

Accordingly, under the 1993 Amendments, Plaintiffs insulated themselves from Rule 11 liability when they voluntarily dismissed their Complaint after receiving Defendant's dismissal motion.  <u>See</u> <u>Photocircuits Corp. v. Marathon Agents, Inc.</u>, 162 F.R.D. 449, 452 (E.D.N.Y. 1995) (sanctions not available where Plaintiff voluntarily withdrew complaint prior to filing of Rule 11 motion.  In these circumstances, I deny Defendant's request for Rule 11 sanctions.

Finally, Defendant apparently also seeks litigation costs -- including attorneys' fees -- pursuant to the terms of the Parties' Warranty Agreement.  Defendant alleges that the Agreement provides that if a homeowner brings suit "in violation of [the] warranty, such party shall reimburse the other parties to the litigation" for their defense costs.  (Doc. No. 8 at 8.)  Defendant

argues (as it did in its Rule 12 motion) that Plaintiffs violated the Agreement when they commenced suit instead of submitting the matter to arbitration.

As I have noted, after a Rule 41(a)(1)(A) voluntary dismissal, the court customarily retains jurisdiction to decide collateral matters such as sanctions.  See In re Bath and Kitchen Fixtures Antitrust Litigation, 535 F.3d at 166, n.8.  Defendant's sanctions request is hardly "collateral," however.  Ruling on Defendant's request would require me to determine whether Plaintiffs breached the Warranty Agreement.  With the dismissal of this case, however, I am without jurisdiction to render such a merits ruling.  See id. at 165-66 ("A proper notice [of voluntary dismissal] deprives the district court of jurisdiction to decide the merits of the case.").  Accordingly, insofar as Defendant seeks sanctions based on Plaintiff's alleged breach of the Warranty Agreement, the request is denied.

### V.       Conclusion

Plaintiffs were entitled voluntarily to dismiss this case without prejudice.  Because Defendant has not complied with the requirements of Rule 11(c)(2), it is not entitled to sanctions.  Finally, I am without jurisdiction to consider Defendant's request for sanctions based on Plaintiffs' alleged breach of the Parties' Warranty Agreement.  Accordingly, I will deny Defendant's Motion.  An appropriate Order follows.

BY THE COURT.

*/s Paul S. Diamond*

_____

Paul S. Diamond, J.